J-S59018-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ADAM JOSEPH BROWN, | : | |
| | : | |
| Appellant | : | No. 80 WDA 2015 |

Appeal from the Judgment of Sentence July 1, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0002744-2013

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED SEPTEMBER 24, 2015**

Adam Joseph Brown ("Brown") appeals from the judgment of sentence entered following his convictions of two counts each of attempted homicide, aggravated assault, robbery, recklessly endangering another person, unlawful restraint, and one count each of burglary, possessing instruments of crime, theft and terroristic threats.[1]  We affirm.

Brown's convictions are the result of a brutal attack on an elderly couple in their home, during which he slit both of their throats and stole money and various other items from them.  At the conclusion of a three-day trial, the jury convicted Brown of the offenses listed above.  The trial court later sentenced Brown to an aggregate term of 60 to 120 years of imprisonment.

---

[1] 18 Pa.C.S.A. §§ 901, 2502, 2702(a)(1), 3701(a)(1)(i), 2705, 2902(a)(1), 3502(a)(1), 907, 3921, 2706.

*Former Justice specially assigned to the Superior Court.

Brown filed pro se post-sentence motions seeking a new trial. After the denial of his post-sentence motions, Brown received a letter from the prosecuting district attorney, Chief Deputy District Attorney Brian Krowicki, informing him that the Commonwealth failed to turn over audio recordings of the victims' interviews with the police. Based upon this letter, Brown filed a motion for reconsideration of his post-sentence motion. The trial court scheduled a hearing on Brown's motion for reconsideration for September 10, 2014. Before that hearing occurred, Attorney Krowicki appeared in the chambers of the trial judge and stated that he intentionally failed to turn the audio recordings over as part of discovery. When the September 10, 2014 hearing convened, the trial court disclosed Attorney Krowicki's admission. The Commonwealth stated that it did not know about Attorney Krowicki's discussion with the trial judge but argued that his actions did not amount to a **Brady** [2] violation because the information was not material or exculpatory, and also argued that a police report, which Brown had been provided with in discovery, was almost a verbatim account of the recordings. Brown indicated that he had just been given the audio tapes and transcriptions thereof and that he needed time to evaluate the discrepancies between them and the police report that was used during trial. The trial court gave Brown seven days in which to file "a written argument with any law you want to

---

[2] **Brady v. Maryland**, 83 S.Ct. 1194 (1963).

cite or anything you want to put in concerning this issue[.]" N.T., 9/10/14, at 9.

Meanwhile, on September 22, 2014, the Commonwealth moved to reopen the record on Brown's motion to reconsider. The trial court granted this request, and at a subsequent hearing, the Commonwealth presented testimony from, inter alia, Attorney Krowicki and Donald McAleer, Ph.D., his treating psychologist, as to Attorney Krowicki's mental state during these events and at the time of the hearing. Essentially, according to Dr. McAleer, Attorney Krowicki was suffering from extreme stress and paranoia, which caused Attorney Krowicki to make a false confession to the trial judge and eventually led to him take a leave of absence from his position with the Erie County District Attorney. He remained on leave at the time of the hearing. The trial court denied Brown's motion for reconsideration and this timely appeal follows.

Brown presents only a single issue for our review: "Did the court below commit an abuse of discretion and reversible error by failing to grant [Brown] relief based upon the failure of the Commonwealth to turn over discoverable materials prior to trial, resulting in a violation of [his] due process rights?" Brown's Brief at 1.

"The law governing alleged **Brady** violations is well settled. In **Brady**, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due

process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." ***Commonwealth v. Lambert***, 884 A.2d 848, 853 (Pa. 2005). The ***Brady*** rule encompasses impeachment evidence. ***Commonwealth v. Weiss***, 81 A.3d 767, 783 (Pa. 2013). "[T]o establish a ***Brady*** violation, a defendant must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." ***Commonwealth v. Haskins***, 60 A.3d 538, 547 (Pa. Super. 2012).

> On the question of materiality, the Court has noted that "[s]uch evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " ***Strickler v. Greene***, [], 119 S.Ct. 1936 [](1999) (quoting [***U.S. v.***] ***Bagley***, [] 105 S.Ct. [3375,] 3383 [(1985)]). The materiality inquiry is not just a matter of determining whether, after discounting the inculpatory evidence in light of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions. "Rather, the question is whether 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.' " ***Strickler***, [] 119 S.Ct. at 1952 (quoting ***Kyles***, [] 115 S.Ct. at 1566).

***Lambert***, 884 A.2d at 854.

The trial court found that the evidence at issue, the audio tapes, were potentially a source of impeachment evidence, as they exhibited

discrepancies between the statement of events that the victim told the police immediately after the crime and her testimony at trial. Trial Court Opinion, 12/16/14, at 3. However, the trial court further found that in consideration of the overwhelming wealth of other evidence of Brown's guilt, there was no reasonable probability that the disclosure of this impeachment evidence would have led to a different result, and therefore, that there was no **Brady** violation. **Id.** at 4-7.

We conclude that the evidence was not material in that its omission did not result in prejudice to Brown. In addition to the victim's testimony and identification of Brown as the man who assaulted and stole from her and her husband, the record reveals the following evidence of Brown's guilt: the presence of the female victim's blood on Brown's face, hands, shirt, jeans and shoes; the blood of both victims on the knife and handgun found in Brown's possession; eleven shoeprints from Brown's shoes found in the victims' home; Brown's admission to his cousins that he slit the throats of two elderly people; Brown's possession of the victims' vehicle and other items from their home; and the identification of Brown by the victims' neighbor, who observed Brown speaking with the female victim outside of their home on the morning of the attack. N.T., 5/12/14, at 84-89, 101-15; 120-25; N.T., 5/13/14, at 130-40, 154-56.

Brown identifies two "obvious differences that could have been used to impeach [the victim] by means of reference to her prior inconsistent

statement." Brown's Brief at 10. First, that the victim told the police that the attacker sexually assaulted her with a knife but did not state that this occurred at trial or the preliminary hearing, and second, that the victim told the police that the attacker's gun was black, but testified at trial that it was silver. *Id.*[3] Our review of the record reveals that he is correct, but even if the sum of these discrepancies led the jury to completely discredit the victim's testimony, that would not create a reasonable probability of a different outcome because of the other independent evidence outlined above.[4] Thus, Brown was not prejudiced and the materiality test fails. It was Brown's burden to establish all three of the prongs necessary for a finding of a **Brady** violation, **Commonwealth v. Paddy**, 15 A.3d 431, 451 (Pa. 2011), and he has failed to do so.

Judgment of sentence affirmed.

---

[3] We note that Brown points out additional alleged discrepancies between the tape recording and the police report. Brown's Brief at 11-12. The impeachment value of some of these alleged discrepancies is questionable, such as Brown's complaint that the victim's stated on the tape that Brown "pushed" past her to get into her home, but the report states that he "busted" past her. *Id.* at 11.

[4] Tellingly, Brown does not discuss any of the other evidence against him in his discussion as to the materiality of the tape recordings.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015